# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| ZANE ZIELINSKI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 16 C 10286 |
| | ) | |
| REAGAN ROYER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter comes before the court on Defendant WCE Oil Field Services, LLC's (WCE) and Defendant Reagan Royer's (Royer)(collectively Defendants) motion to dismiss and motion to transfer venue. For the reasons stated below, Defendants' motion to dismiss is denied and the motion to transfer is granted.

## BACKGROUND

Plaintiff Zane Zielinski (Zielinski) alleges that on October 18, 2013, Rhonda Brandt and Robin Brandt were involved in an automobile collision with Reagan Royer, who was allegedly employed by WCE. Zielinski alleges that the collision occurred in McKenzie County, North Dakota. Zielinski alleges that on August 20,

1

2015, Robin Brandt and Rhonda Brandt filed a voluntary petition for relief under Chapter 7 of Title 11, in the United States Bankruptcy Court for the Northern District of Illinois (Northern District). Zielinski was allegedly appointed trustee in the bankruptcy case. Zielinski alleges that on October 16, 2015, he filed an adverse complaint against Defendants arising out of the alleged automobile collision. Defendants move to dismiss the claims under 28 U.S.C. § 1391(b) or, in the alternative, transfer the case to the District of North Dakota under 28 U.S.C. § 1404.

## DISCUSSION

I. 28 U.S.C. § 1391(b) and 28 U.S.C. § 1409

Defendants argue that venue in the Northern District of Illinois is improper under 28 U.S.C. § 1391(b) (Section 1391(b)). Under Section 1391(b), venue is proper when an action is brought in: "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the

2

court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b). Defendants argue that venue cannot be proper under Section 1391.

Section 1391(b) applies if venue is not "otherwise provided by law." 28 U.S.C. § 1391(a). Zielinski argues that 28 U.S.C. § 1409(a)(Section 1409) provides the underlying basis for the Northern District as the proper venue. Section 1409 states that "a proceeding arising under title 11 or arising in or related to a case under title 11 may be commenced in the district court in which such case is pending." 28 U.S.C. § 1409(a). A trustee may commence a proceeding arising in or related to such a case if the debtors or creditors "may have commenced an action on which such proceeding is based if the case under title 11 had not been commenced." 28 U.S.C. § 1409(d).

Zielinski alleges that the automobile collision occurred on October 18, 2013. Zielinski also alleges that on August 20, 2015, Robin Brandt and Rhonda Brandt initiated a title 11 bankruptcy proceeding in the Northern District of Illinois. Zielinski argues that the claim against Defendants is related to the title 11 bankruptcy proceeding because the proceeds from the lawsuit would presumably be distributed to creditors. Defendants contend that the bankruptcy is discharged, which although true, does not mean that the bankruptcy is closed under 28 U.S.C. § 350(a). Since the bankruptcy is not closed under 28 U.S.C. § 350(a), the case was properly filed in

3

the Northern District of Illinois. Therefore, Defendants motion to dismiss under Section 1391(b) is denied.

II. 28 U.S.C. § 1404

Defendants also move to transfer the instant action to the District of North Dakota under 28 U.S.C. § 1404 (Section 1404). A district court may transfer an action to another district where the action might have been brought pursuant to Section 1404(a) "[f]or the convenience of parties and witnesses," and if it is "in the interest of justice . . . ." 28 U.S.C. § 1404(a). In order to transfer a case, the transferor court must first find that: (1) venue is proper in the transferor district, *see Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219 (7th Cir. 1986)(stating that a court "in which a suit is filed with proper venue" may transfer an action pursuant to § 1404(a)), and (2) venue is proper in the transferee district. *See* 28 U.S.C. § 1404(a)(stating that transfer can only be made to a district in which the action "might have been brought").

A. Plaintiff's Choice of Forum

Zielinski's choice of forum is entitled to deference. In considering whether to transfer an action, the court should "give some weight to the plaintiff's choice of

4

forum." *Federal Deposit Ins. Corp. v. Citizens Bank & Trust Co. of Park Ridge, Ill.*, 592 F.2d 364, 368 (7th Cir. 1979); *see also In re National Presto Industries, Inc.*, 347 F.3d 662, 664 (7th Cir. 2003)(stating that "'unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed'")(quoting in part *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947)). Zielinski's choice of forum in the Northern District of Illinois arose from the bankruptcy proceedings in this District. *See Edgewater Medical Center v. Rogan,* 2010 WL 271148, *3 (N.D. Ill. 2010)(stating that because plaintiff "has filed an adversary proceeding arising out of the bankruptcy proceedings against Defendants, the district court in which the bankruptcy case is pending constitutes the appropriate venue for the adversary proceeding"). While the court should consider Zielinski's desire to proceed in the Northern District of Illinois, Zielinski's choice of forum is merely one factor to consider and is not a controlling factor, particularly when a case has such limited connections to the chosen forum as in this case. Also, where the "plaintiff's choice of forum is not the site of material events, it is entitled to less deference." *Cole v. Bell,* 2009 WL 4730966, *1 (N.D. Ill. 2009). The site of the material events, the automobile collision, occurred in the District of North Dakota. Therefore, Zielinski's choice of forum in the Northern District of Illinois is entitled to less deference.

B. Convenience of Parties and Witnesses

Defendants argue that the convenience of the parties and witnesses would best be served by a transfer of the instant action to the District of North Dakota. Zielinski contends that the Robin Brandt and Rhonda Brandt are residents of Illinois and some of Robin Brandt's medical treatment occurred in the Northern District of Illinois. However, the accident occurred in North Dakota and WCE is a North Dakota company. In addition, WCE representatives and two independent witnesses of the collision reside in North Dakota, along with police and fire personnel who responded to the occurrence. Also, Robin Brandt received treatment from first responders and was initially hospitalized in North Dakota. In addition, the police reports, emergency medical reports and medical records are located in North Dakota. Defendants contend the following entities allegedly treated or encountered Robin Brandt: McKenzie County Ambulance Services, The Bone and Joint Center, McKenzie County Healthcare, Sanford Clinic and Trinity Medical Group. Defendants argue that all of these entities are located in North Dakota and those employees are also likely North Dakota residents. Thus, the District of North Dakota is clearly a more convenient forum than the Northern District of Illinois.

B. Interest of Justice

Defendants contend that the interest of justice would be promoted by a transfer to the District of North Dakota. In addressing the interest of justice factor, a court may consider: (1) whether a transfer promotes the "efficient administration of the court system," (2) whether the action could be consolidated with other actions in the transferee district, (3) whether the judges in the transferee district are more familiar with the pertinent state law, (4) whether jurors in a particular district have a "financial interest in [the] case," and (5) which district would have jurors that could "best apply community standards." *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 220–21, 221 n.4 (7th Cir. 1986). The court should also consider whether the transferee district has a lighter docket than the transferor district. *In re National Presto Indus., Inc.*, 347 F.3d 662, 664 (7th Cir. 2003). In addressing the interest of justice factor, the transferor court should focus on whether the proposed transfer would promote the "efficient functioning of the courts." *Coffey*, 796 F.2d at 221. The interest of justice factor does not involve a consideration of the merits of the plaintiff's claim. *Id.*

Zielinski argues that maintaining this adversarial proceeding in the Northern District will promote the efficient administration of the bankruptcy proceeding. If this case were to remain in this District, the bankruptcy proceeding may be

7

prolonged because the parties would be required to conduct extensive discovery in the District of North Dakota. North Dakota has a prevailing interest in resolving this litigation because the collision took place in North Dakota, involves North Dakota law, involves a North Dakota defendant, and implicates North Dakota witnesses. Also, the District of North Dakota is also more familiar with the state law that applies in this case, and North Dakota would have jurors who could best apply community standards. Therefore, the interest of justice factor weighs in favor of transfer and the transferee forum, the District of North Dakota, is clearly more convenient. *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219-20 (7th Cir.1986).

## **CONCLUSION**

Based on the foregoing analysis, Defendants' motion to dismiss under Section 1391(b) is denied and Defendants' motion to transfer under Section 1404 is granted.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: February 9, 2017